IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAVID CHRISTOPHER TERRELL,     *
     *
    Plaintiff,     *
     *    CIVIL ACTION FILE
v.     *
     *    NO. 4:22-cv-170
THE UNITED STATES OF AMERICA     *
     *
    Defendant.     *

## **COMPLAINT FOR DAMAGES**

Plaintiff David Christopher Terrell respectfully files this Complaint for Damages against the above-named defendant, showing the Court the following:

**1.**

This case arises out of a collision that happened on November 4, 2020 at the intersection of GA Highway 119 and GA Highway 144 on Fort Stewart, Georgia.

1

**2.**

As this photograph shows, the collision was severe:



**3.**

The collision happened because an employee of the United States Army who was driving the massive "Light" Medium Tactical Vehicle (LMTV) shown in that photograph failed to yield while turning left across oncoming traffic.

**4.**

As a result of the Army LMTV's failure to yield, the LMTV crashed into and over a Chevrolet Silverado pickup truck driven by Mr. Terrell.

**5.**

In a Military Police Traffic Accident Report prepared the day of the wreck and approved five days later, Military Police concluded that the Army LMTV's "fail[ure] to yield" was a "contributing circumstance" to the collision.

**6.**

The Military Police Traffic Accident Report also concluded that Mr. Terrell did not contribute to causing the wreck.

**7.**

Mr. Terrell was badly injured in the collision and had to be life-flighted to Memorial Medical Center in Savannah.

**8.**

Mr. Terrell suffered severe and extensive injuries, including but not limited to a broken left femur, a fractured tibial plateau, multiple rib fractures, a broken foot, dislocated fingers, and other significant injuries throughout his body.

## <u>PARTIES, JURISDICTION, VENUE,</u>
## <u>AND EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

### 9.

This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and jurisdiction is proper in this Court under 28 U.S.C. § 1331 and §1346(b).

### 10.

Plaintiff Chris Terrell is a resident of Pembroke, Bryan County, Georgia.

### 11.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) and § 1402(b) because the Plaintiff resides in the Southern District of Georgia.

### 12.

The defendant is the United States of America, its officers, agents, employees and representatives.  The defendant is sued for Plaintiff's personal injuries caused by the negligent or wrongful acts or omissions of its employee, Deamitrix Lopez.  Lopez was at the time of the collision acting within the scope of his office or employment under circumstances where the United States, if a private

person, would be liable to Plaintiff in accordance with the laws of the State of

Georgia.  *See* 28 U.S.C. § 1346(b).

## 13.

At all times relevant to this Complaint for Damages, the United States Army

was an entity and/or agency of defendant United States of America.

## 14.

The United States may be served with process through the United States

Attorney General in Washington, D.C., Merrick B. Garland, 950 Pennsylvania

Ave., N.W., Washington, D.C. 20530-0001 and the United States Attorney for the

Southern District of Georgia, David H. Estes, or Assistant United States Attorney

or civil process clerk of the office of the United States Attorney for the Southern

District of Georgia, 22 Barnard Street, Suite 300, Savannah, Georgia 31401, all by

certified mail return receipt requested.

## 15.

Mr. Terrell provided the timely notice required by 28 U.S.C. § 2401(b) by

filing an administrative claim for damages with the United States Department of

the Army on September 28, 2021.  *See* Exhibit A (Standard Form 95).

**16.**

Mr. Terrell demanded a "sum certain" of five million nine thousand six hundred thirty-four dollars and twenty-five cents ($5,009,634.25) in the Standard Form 95 as required by 28 C.F.R. § 14.2(a).  *See* Exhibit A.

**17.**

Plaintiff's administrative claim was received and acknowledged by the United States Army on October 6, 2021.  *See* Exhibit B.[1]

**18.**

Plaintiff has not received any response from the United States with respect to his administrative claim.

**19.**

Six months has expired since the date of Plaintiff's administrative claim so the filing of this Complaint is timely.

---

[1]  The Government's letter attached as Exhibit B hereto is incorrectly dated July 14, 2022. That letter also incorrectly states that "your client was cited by civilian authorities on June 8, 2020," in an apparent reference to a different incident not involving Mr. Terrell.

## FACTS

### 20.

At approximately 4:48 P.M. on November 4, 2020, Mr. Terrell was traveling north through Fort Stewart on GA Highway 199 near its intersection with GA Highway 144.

### 21.

At the same time, a large Army LMTV transport truck driven by Army Specialist Deamitrix Lopez was traveling south on GA Highway 199 near its intersection with GA Highway 144.

### 22.

Lopez attempted to turn the Army LMTV transport truck left across the northbound lane of GA Highway 199.

### 23.

As Lopez attempted to make the left turn, Lopez did not yield to oncoming traffic.

### 24.

As a result, Lopez slammed into Mr. Terrell's pickup truck.

**25.**

The collision caused extensive damage to Mr. Terrell's pickup truck and to Mr. Terrell's body.

**26.**

The collision crushed the front of Mr. Terrell's pickup truck:



**27.**

Lopez's recklessness and failure to use due care placed other drivers and passengers on the road in extreme danger, in particular Mr. Terrell.

**28.**

Military police cited Deamitrix Lopez cited for Failure to Yield while Turning Left. *See* O.C.G.A. § 40-6-71.

**29.**

Mr. Terrell did nothing to cause this wreck and was not negligent.

**30.**

There was nothing Mr. Terrell could have done to avoid the wreck.

**31.**

Mr. Terrell was pinned inside his pickup truck for approximately one and a half hours.

**32.**

After one and a half hours, Mr. Terrell was finally extricated from his truck. He was then airlifted to Memorial Medical Center in Savannah, Georgia where he had surgery the next day, November 5, 2020.

**33.**

Mr. Terrell was severely injured. His injuries included a comminuted fracture of his left femur, displaced fractures of the second, third, and fourth

metatarsal bones on his right foot, a fracture of his left tibial plateau, acute fractures of his left anterior ribs numbers 3-8, acute nondisplaced subtle fractures of his right anterior ribs numbers 2-6, punctuate foreign bodies in the soft tissues of his wrist, and dislocation of the index finger and great toe.

## 34.

Soon after admission to Memorial Medical Center, Plaintiff was placed in traction.  The dislocation in his great toe was reduced by manipulation.  The debris in his left wrist was irrigated.  Plaintiff was given IV narcotics including oxycodone for pain. Open surgery under general anesthesia was required to install an intermedullary rod in Plaintiff's left femur, with fixation screws.  Plaintiff's broken second, third, and fourth metatarsals were repaired with wires pinned through the skin and into those bones.  Plaintiff endured physical therapy.  Plaintiff is self-employed and was out of work for months and still suffers disabilities due to his injuries.

## 35.

At all times material hereto, Lopez was an employee of the defendant United States of America and acting within the course and scope of his employment.

**36.**

Under the laws of the State of Georgia, which govern the liability of Lopez and the United States in this Federal Tort Claims Act ("FTCA") case, an employer is vicariously liable for the actions of its employees.

**37.**

Under the FTCA, Plaintiff is entitled to pursue claims against the defendant under the laws of the State of Georgia for the damages caused by the negligent acts of Lopez and his employer, the United States of America.

## <u>COUNT 1</u>

**Negligence**

**38.**

The facts alleged in paragraphs 1-37 are incorporated by reference as if set forth herein.

**39.**

The acts and events set forth above constitute negligence on the part of the U.S. Army under the laws of the State of Georgia.

**40.**

Lopez, an employee of the U.S. Army, had a duty to drive safely, use proper signaling devices, and to yield to oncoming traffic while operating the LMTV transport truck.

**41.**

Lopez breached his duty of care by, among other things, failing to yield while turning left at the intersection of Georgia Highway 144 and Georgia Highway 119.

**42.**

Lopez's breach of duty was the proximate and actual cause of the wreck and Mr. Terrell's injuries.

## COUNT TWO

### Vicarious Liability

**43.**

The allegations set forth in paragraphs 1-37 are realleged and incorporated herein by reference.

**44.**

At all times material hereto, Lopez was an employee of the United States of America, was under the direction and control of his employer, and was acting within the course and scope of his employment as a United States Army Specialist. Thus, all such negligence alleged herein of Lopez is as a matter of law imputed to his employer and/or principal, the United States of America.

**45.**

Plaintiff is entitled to recover from the defendant for his injuries, including but not limited to physical injuries, past, present, and future pain and suffering, medical expenses, and economic loss.

## **CAUSATION**

**46.**

The allegations set forth in paragraphs 1-37 are realleged and incorporated herein by reference.

**47.**

As a direct and proximate result of defendant's negligence, Mr. Terrell suffered personal injuries and will continue to suffer personal injuries in the future, including bodily injury, pain and mental suffering, and continuing disabilities.

**48.**

As a direct and proximate result of defendant's negligence, Mr. Terrell incurred medical expenses, in an amount to be proven at trial, for the treatment of injuries caused solely and proximately by defendant.

**49.**

As a direct and proximate result of defendant's negligence, Mr. Terrell will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely and proximately by defendant.

## **<u>DAMAGES</u>**

**50.**

The allegations set forth in paragraphs 1-37 are realleged and incorporated herein by reference.

**51.**

As a result of the defendant's negligence, Plaintiff suffered injuries described herein.  Plaintiff has filed administrative claims for negligence in the amounts of five million nine thousand six hundred thirty-four dollars and twenty-five cents ($5,009,634.25) against the United States Department of the Army.

**52.**

Plaintiff has filed contemporaneously herewith a Disclosure Statement pursuant to S.D. Ga. L.R. 7.1.1.

WHEREFORE, the Plaintiff Chris Terrell prays:

a) That defendant be served with the Summons and Complaint in this action;

b) That a judgment be entered against Defendant United States of America in the amount of $5,009,634.25 in compensation for damages to Plaintiff to include conscious pain and suffering, medical expenses, and lost wages, to be shown at trial and determined by the Court as the trier of fact; and

c) For such other relief as the Court deems just and proper.

*---Signatures and appearances on following page---*

This 15th day of July, 2022.

**BUTLER PRATHER LLP**

*/s/ James E. Butler, Jr.*
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
Jim@butlerwooten.com
RAMSEY B. PRATHER
Georgia Bar No. 658395
Ramsey@butlerprather.com
CAROLINE E. WALKER
Georgia Bar No. 511349
Caroline@butlerprather.com
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902
(706) 322-1990
(706) 323-2962 (fax)

**ELLIS PAINTER**
KIM COFER BUTLER
Georgia Bar No. 172950
kbutler@ellispainter.com
7 East Congress Street, 2nd Floor
P.O. Box 9946
Savannah, GA 31401
(912) 233-9700
(912) 233-2282 (fax)

**ATTORNEYS FOR PLAINTIFF**
